UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-10368-RGS

REXFORD TWEED

v.

LINDA T. COBURN., et al.

MEMORANDUM AND ORDER

April 22, 2014

STEARNS, D.J.

For the reasons stated below, the court (1) grants plaintiff Rexford
Tweed's motion for leave to proceed_in forma pauperis; (2) dismisses the
case for want of subject matter jurisdiction; and (3) denies the motion for
appointment of counsel as moot.

## BACKGROUND

On January 13, 2014, Rexford Tweed, who is incarcerated at the Union
Correctional Institution in Raiford, Florida, filed this self-prepared action in
anticipation of a lawsuit to be brought against several of his family members
alleging misconduct in regards to the handling of his mother's estate. Tweed
captions the complaint as a "Civil Action for Declaratory Judgment as to
Petitioners [sic] Federal Rights in Above Cause of Action."

Tweed asserts that family members engaged in "intentional fraud and
conspiracy to commit fraud by defendants holding all of Petitioner[']s assets
due him from the death of Evelyn S. Tweed and refusing to probate the estate."

Compl. ¶ 15. Tweed alleges that the defendants took advantage of his mother while she suffered from Alzheimer's disease; hid the mother's death from Tweed for six years (during which time he continued to write to his mother from prison); conspired to hide the estate's assets from Tweed, including the proceeds from a wrongful death lawsuit; and, failed to follow through with a promise to give him $92,976 from the estate. Tweed represents numerous times in the complaint that he unsuccessfully litigated his claims in state court, but it is unclear whether the state courts ever reached the merits of his various lawsuits.

Tweed states several times that the purpose of the action is not to recover from the defendants, but to receive confirmation from the court that he has a viable federal lawsuit. He represents that, once he receives such confirmation, he will file another lawsuit. *See, e.g., id.* ¶¶ 1, 11, 16, 17, 54. "Seeking only To establish Petitioners federal rights for a Subsequent Federal lawsuit of equity In his prayer for relief (labeled "Declarations"), he asks the court "to declare what his federal civil rights are for a subsequent federal tort action based on the facts and Massachusetts protection of a probate and equity cause of action." *Id.* at 17. Tweed asks that the court decide at this juncture whether: (1) personal and subject matter jurisdiction exist; (2) the Massachusetts courts denied him due process; (3) he has established a "basis of fraud"; and (4) whether the state of Massachusetts has lost jurisdiction over the estate.[1]

---

[1] Tweed indicates that he is seeking to avoid the probate exception to diversity subject matter jurisdiction. *See* Compl. ¶ 55 (citing Marshall v.

2

Tweed also seeks leave to proceed *in forma pauperis* and appointment of counsel.

## DISCUSSION

### I. Motion for Leave to Proceed In Forma Pauperis

Upon review of the motion for leave to proceed *in forma pauperis*, the court concludes that Tweed is without income or assets to prepay the filing fee. Accordingly, the motion is GRANTED. Because Tweed has been without funds for six months and is currently without funds, no initial partial filing fee is assessed.

### II. Review of the Complaint

Because Tweed is proceeding *in forma pauperis,* the Complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Further, the court will consider whether subject matter jurisdiction exists. "Federal courts, as courts of limited jurisdiction, may not presume the existence of subject matter jurisdiction, but rather, must appraise their won authority to hear and determine particular cases." Calderon-Serra v. Wilmington Trust Co., 715, F.3d 14, 17 (1st Cir. 2013) (quoting Cusumano v. Microsoft Corp., 162 F.3d 708,

---

Marshall, 547 U.S. 293 (2006) ().

3

712 (1st Cir. 1998)); see also McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004) (court has an obligation to inquire sua sponte into its own subject matter jurisdiction); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, Tweed asks the court to issue a declaratory judgment concerning his rights in regards to a future lawsuit. He anticipates the defenses —jurisdictional and otherwise—that might be raised in that action. Apparently, Tweed seeks a ruling on the viability of his anticipated lawsuit to avoid a subsequent determination that the not-yet-filed complaint is frivolous. See Compl. ¶ 16. (plaintiff "seeks declaratory judgement as to his federal rights to prevent a MERITLESS or frivolous prosecution")

However, a declaratory judgment of the kind requested would fall outside of the subject matter jurisdiction of this court. Article III of the United States Constitution restricts a federal court's jurisdiction to certain "Cases" and "Controversies."[2] U.S. Const. art. III; see also Massachusetts v. Envtl. Prot. Agency, 549 U.S. 497, 516 (2007). No controversy exists when a declaratory judgment plaintiff attempts to obtain a premature ruling on potential defenses that would typically be adjudicated in later actual litigation. See Calderon v.

---

[2] The Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, "does not itself confer subject matter jurisdiction, but, rather, makes available an added anodyne for disputes that come within the federal courts' jurisdiction on some other basis. . . . Consequently, federal courts retain substantial discretion in deciding whether to grant declaratory relief." *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 534 (1st Cir. 1995).

4

<u>Ashmus</u>, 523 U.S. 740, 747 (1998); <u>Coffman v. Breeze Corp.</u>, 323 U.S. 316, 324 (1945).[3]

## ORDER

For the foregoing reasons:

(1)   The motion for leave to proceed <u>in forma pauperis</u> (#2) is <u>ALLOWED</u>. Because Tweed has been without funds for six months and is currently without funds, no initial partial filing fee is assessed.

(2)   The Complaint is DISMISSED for failure to state a case or controversy. The dismissal will enter without prejudice.

(3)   The motion for appointment of counsel (#3) is <u>DENIED</u> as moot.

---

[3] Here, this prudential rule is doubly reinforced by the likelihood that this court would lack jurisdiction over any complaint involving a dispute over Tweed's mother's will and the probate of her estate in the Massachusetts Probate Court. As Tweed intimates in ¶ 51 of his Complaint, *see* fn. 1. *supra*, it is long established that a federal court "has no jurisdiction to probate a will or administer an estate." *Markham v. Allen*, 326 U.S. 490, 494 (1946) ("It is true that a federal court has no jurisdiction to probate a will or administer an estate, the reason being that the equity jurisdiction conferred by the Judiciary Act of 1789, 1 Stat. 73, and s 24(1) of the Judicial Code, which is that of the English Court of Chancery in 1789, did not extend to probate matters. . . . But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heris' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court. . . ."). Moreover, a federal court lacks jurisdiction over all suits that are ancillary to the probate of a will. *Mangieri v. Mangieri*, 226 F.3d 1, 2 (1st Cir. 2000). And finally, to the extent that Tweed is seeking to lodge an exception to a judgment of the Probate Court, the *Rooker-Feldman* doctrine would bar review by the court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) and *Dist. of Columbia Ct. of Appeals. v. Feldman*, 460 U.S. 462 (1983).

(4)   The Clerk will enter the dismissal and close the case.

SO ORDERED.

RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE